UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HOWARD ELLARD JR.,

    Plaintiff,

v.   Case No. 5:22-cv-241-TKW/MJF

SCOTT MIDDLEBROOKS, *et al.*,

    Defendants.
    _____/

### REPORT AND RECOMMENDATION

In his fourth amended complaint, Plaintiff Howard Ellard Jr. alleges that medical and nonmedical officials at the Graceville Correctional Facility have failed to ensure that he receives medical care. Because Ellard's fourth amended complaint fails to state a plausible Eighth-Amendment claim of deliberate indifference to a serious medical need against Defendants Ralph Rosiles, Scott Middlebrooks, and a physician whose name is unknown to Ellard, the District Court should dismiss these claims with prejudice.

### I. BACKGROUND

On May 16, 2023, Ellard, a prisoner proceeding *pro se*, filed a fourth amended complaint. Doc. 23. He is suing six defendants in their individual capacities, all of whom are related in some way to the Graceville Correctional Facility ("GCF"):

    1.  Scott Middlebrooks, the Warden at GCF;

2. Dr. Jorge Alvarez, M.D., the "Head Medical Officer" at GCF;

3. Ralph Rosiles, a "grievance officer" at GCF;

4. Blocker, the "head of nurse" at GCF;

5. an "unknown doctor"; and

6. an "unknown pharmacist" employed by Diamond Pharmacy Services.

*Id.* at 3–4, 6. Ellard's allegations relevant to this report and recommendation are set forth below.

Ellard alleges that Rosiles approved an informal grievance related to Ellard's request to "reissue" "stopped meds" and for the following "proper" medical supplies: "no sting wipes (no alcohol)," "correct hearing aid battery sizes," and "gloves." *Id.* at 7–8. According to Ellard, Rosiles indicated in the approved informal grievance that Ellard would receive "proper" medical supplies and "stopped meds." *Id.* Ellard alleges that he has not received the "proper" medical supplies or "stopped meds." *Id.* at 8.

Ellard also alleges that Dr. Alvarez approved a formal grievance indicating that Ellard would receive "stopped meds" or other comparable medication for arthritis in his hands, knees, and back; acid reflux disease; and "chronic chaffing in [his] groin area."[1] Doc. 23 at 7. According to Ellard, Dr. Alvarez has "<u>done nothing</u>"

---

[1] It is unclear whether this approved formal grievance is related to the informal grievance approved by Rosiles.

to ensure Ellard receives the "stopped meds" or other comparable medication. *Id.* (emphasis in original).

Ellard further alleges that Middlebrooks approved the formal grievance approved by Dr. Alvarez, which indicated that Ellard would receive "stopped meds" or other comparable medication. *Id.* Ellard alleges that Middlebrooks did not "follow up on" the approved grievance. *Id.* This is Ellard's only allegation regarding Middlebrooks.

Finally, as to the unidentified physician, Ellard alleges that this physician "<u>stopped</u> <u>nitroglycerin</u> <u>patches</u> which helps . . . Ellard cut down on nitro pills to stop heart attacks." *Id.* at 9 (errors and emphasis in original). This is Ellard's only allegation against the physician whose name is unknown to Ellard.

Ellard asserts a "complete indifference" claim against Middlebrooks and Rosiles, and a "cruel and unusual punishment" claim against the physician. Doc. 23 at 11. Thus, Ellard again fails to tie these claims to any particular causes of action, despite the undersigned's repeated instructions to do so. *See* Doc. 5 at 5–6, 9; Doc. 11 at 4, 7; Doc. 15 at 4–5, 10; Doc. 22 at 4–5, 11, 13. Affording Ellard's claims the liberal construction to which *pro se* pleadings are entitled, however, the undersigned construes Ellard's claims against Rosiles, Middlebrooks, and the physician as Eighth-Amendment claims of deliberate indifference to a serious medical need.

As relief, Ellard requests $31,500 in damages and an injunction that compels Defendants to "reissue[]" his "medicines . . . or compatible medicines," "refill[]" his "medicine . . . in a reasonable time," and renew and reissue "bathroom, shower and extra linen passes." Doc. 23 at 11–12.

## II. STANDARD

Because Ellard is a prisoner, the District Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint is frivolous, is malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b); *see id.* § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings).

A court should dismiss a claim that is not supported by factual allegations, accepted as true, that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Factual allegations that merely suggest the possibility that the defendant acted unlawfully are insufficient. *See Twombly*, 550 U.S. at 555. A court also should dismiss a claim when the allegations demonstrate that recovery is barred by an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003).

Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But federal courts "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

### III. DISCUSSION

The Eighth Amendment requires governments "to provide minimally adequate medical care to those whom they are punishing by incarceration." *Hoffer v. Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020) (quoting *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991)). A defendant violates the Eighth Amendment when he demonstrates deliberate indifference to a plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

An Eighth-Amendment claim of deliberate indifference to a serious medical need contains "both an objective and a subjective component." *Wade v. McDade*, 67 F.4th 1363, 1370 (11th Cir. 2023) (quoting *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020)). To survive screening under sections 1915A(a)–(b) and 1915(e)(2)(B), a complaint must plausibly allege both components. *See James v. Bartow Cnty.*, 798 F. App'x 581, 585 (11th Cir. 2020).

As to the objective component, a plaintiff ultimately must demonstrate that he suffers from an "objectively serious medical need." *Wade*, 67 F.4th at 1370. An

objectively serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" and, "if left unattended, poses a substantial risk of serious harm." *Keohane*, 952 F.3d 1257, 1266 (11th Cir. 2020) (quotation omitted).

As to the subjective component, a plaintiff must demonstrate that the defendant acted with "deliberate indifference." *Wade*, 67 F.4th at 1370. That is, the defendant "(1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) acted with more than **gross** negligence." *Id.* at 1374. "Gross negligence" is "'the equivalent of recklessly disregarding' a substantial risk of serious harm to the inmate." *Id.* at 1375 (quoting *Cottrell v. Caldwell*, 85 F.3d 1480, 1490–91 (11th Cir. 1996)).

A.   <u>**Ellard Fails to Allege a Plausible Claim Against Rosiles**</u>

Ellard alleges that Rosiles—a grievance officer at GCF—violated the Eighth Amendment because he failed to act on the informal grievance for "stopped meds" and medical supplies that Rosiles approved. Doc. 23 at 7. Ellard does not allege that Rosiles was familiar with Ellard's medical history or that Rosiles knew why Ellard required specific medication and medical supplies. Ellard's allegations also do not suggest that Rosiles—a mere grievance officer—had the authority to issue medication and medical supplies. In fact, Ellard alleges that an unnamed nurse issues

medical supplies. On these allegations, Ellard fails to plausibly allege that Rosiles knew of a risk of serious harm to Ellard or that Rosiles acted with more than gross negligence by disregarding that risk. Thus, Ellard fails to assert against Rosiles a plausible Eighth-Amendment claim of deliberate indifference to a serious medical need.

B. **Ellard Fails to Allege a Plausible Claim Against Middlebrooks**

Supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of vicarious liability. *Christmas v. Harris Cnty.*, 51 F.4th 1348, 1355 (11th Cir. 2022). Instead, section 1983 claims may be brought against supervisory officials only "when the supervisor personally participates in the alleged unconstitutional conduction or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.*

There are several ways in which a plaintiff can establish the necessary causal connection. A plaintiff can demonstrate "a history of widespread abuse" that puts the supervisor "on notice of the need to correct the alleged deprivation" and the supervisor fails to do so. *Id.* (quoting *Cottone*, 326 F.3d at 1360). A plaintiff also can demonstrate that "a supervisor's custom or policy . . . result[ed] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates

would act unlawfully and failed to stop them from doing so." *Id.* (quoting *Cottone*, 326 F.3d at 1360 (cleaned up)). Still, "[t]he standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (quoting *Braddy v. Fla. Dep't of Labor & Emp. Sec.*, 133 F.3d 797, 802 (11th Cir. 1998)).

Ellard alleges that Middlebrooks violated the Eighth Amendment because Middlebrooks did not "follow up on" the grievance he approved. Doc. 23 at 7. Simply filing a grievance with a supervisory official, however, is insufficient to impose liability. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see Bellamy v. Bradley*, 729 F.2d 416, 422 (6th Cir. 1984).

Additionally, Ellard's sole allegation against Middlebrooks is insufficient to plausibly suggest that Middlebrooks personally participated in withholding from Ellard medication and medical supplies or that there is a causal connection between Middlebrooks's alleged conduct and the alleged deprivation of medication and medical supplies. *See Christmas*, 51 F.4th at 1355. Furthermore, Ellard fails to allege that Middlebrooks was aware that Ellard had not received the approved medication and medical supplies. Thus, Ellard fails to assert against Middlebrooks a plausible Eighth-Amendment claim of deliberate indifference to a serious medical need.

**C.      Ellard Fails to Allege a Plausible Claim Against the Unnamed Physician**

Ellard alleges that the physician whose name Ellard does not know "<u>stopped</u> <u>nitroglycerin</u> <u>patches</u> which helps . . . Ellard cut down on nitro pills to stop heart attacks." Doc. 23 at 9 (errors and emphasis in original).

As with his allegations against Rosiles, Ellard fails to plausible allege that the physician acted with deliberate indifference by "stopping" Ellard's nitroglycerin patches. That is, the physician "stopped" Ellard's nitroglycerin patches knowing that Ellard is prescribed nitroglycerin pills. Ellard's disagreement with the physician's course of treatment fails to demonstrate that the physician acted with deliberate indifference. *Harris*, 941 F.2d at 1505. Additionally, although Ellard alleges that the unknown pharmacist fails to fill timely Ellard's prescription for "nitroglycerin," there is no indication that the physician is aware of this alleged issue. Thus, Ellard fails to assert against the physician a plausible Eighth-Amendment claim of deliberate indifference to a serious medical need.

\*      \*      \*

Despite four opportunities to amend his complaint, Ellard fails to allege that Rosiles, Middlebrooks, and the "unknown doctor" violated the Eighth Amendment. *See* Docs. 8, 14, 19, 23. The District Court, therefore, should dismiss Ellard's Eighth-Amendment claims against these defendants.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** with prejudice, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), Ellard's Eighth-Amendment claim of deliberate indifference to a serious medical need against Defendants Ralph Rosiles, Scott Middlebrooks, and the "unknown doctor" in their individual capacities; and

2. Refer this action back to the undersigned to address Ellard's claims against Dr. Jorge Alvarez, Nurse Blocker, and the "unknown pharmacist."

At Pensacola, Florida, this 26th day of June, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**