UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES S ELLARD,

    Plaintiff,

v.                                                         Case No. 5:22-cv-241-TKW/MJF

DR. JORGE ALVAREZ, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff has asserted an Eighth-Amendment claim against three Defendants: Dr. Jorge Alvarez, Nurse Blocker, and an "Unknown Pharmacist from Diamond Pharmacy Services." Doc. 23 at 8–10. Although Plaintiff initiated this civil action more than two years ago, Plaintiff has not served Alvarez, Blocker, or the "Unknown Pharmacist." The District Court, therefore, should dismiss Plaintiff's claims against Alvarez and Blocker pursuant to Rule 4(m). Furthermore, because fictious-party pleading generally is not permitted in federal court and Plaintiff has not corrected this deficiency despite being afforded opportunities to do so, the District Court should dismiss without prejudice Plaintiff's claim against the "Unknown Pharmacist."

## I. BACKGROUND

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis*. After conducting the required review of Plaintiff's fourth amended complaint, the District Court dismissed all of Plaintiff's claims except Plaintiff's Eighth-Amendment claims—deliberate indifference to a serious medical need—against Dr. Jorge Alvarez, Blocker, and the "Unknown Pharmacist." Doc. 31.

On July 24, 2023, the undersigned ordered Plaintiff to provide three service copies of his fourth amended complaint. Doc. 32. The undersigned also ordered Plaintiff to "provide identifying information for the pharmacist—race, age, gender, or any other identifying factor—so that this court can order service upon the pharmacist." *Id.*

On August 2, 2023, Plaintiff responded to the undersigned's order, but failed to provide further detail or information about the Unknown Pharmacist. Doc. 33. Rather, he explained that "all Plaintiff can do is provide job description of such person." *Id.* at 2.

On November 7, 2023, the undersigned ordered the United States Marshals Service (Marshals Service) to mail "waiver of service of summons" packets to Graceville Correctional Facility ("Graceville

Correctional") for Alvarez and Blocker. Doc. 42. Neither Defendant waived service of process. Doc. 47. On November 16, 2023, Plaintiff filed a notice to the court stating that Alvarez and Blocker moved to other locations, but he failed to provide any information about their locations. Doc. 43.

On February 12, 2024, the undersigned ordered the Marshals Service to personally serve Blocker. Doc. 48. On March 6, 2024, the Marshals Service notified the court it was unable to personally serve Blocker because she no longer worked at Graceville Correctional. The Marshals Service elaborated that it had attempted on three occasions to obtain additional information from the human resource office, but that the staff refused to provide the Marshals Service with additional information relating to Blocker. Doc. 50 at 1.

On June 20, 2024, the undersigned directed the Marshals Service to verify the last known addresses of Alvarez and Blocker with the Florida Department of Corrections and to make all reasonable efforts to personally serve Alvarez and Blocker. Doc. 52. Because more than sixty days had elapsed since the undersigned's order and there were no indicia of service being completed, on August 20, 2024, the undersigned directed

the Marshals Service to notify the court of its efforts to locate and personally serve Alvarez and Blocker. Doc. 54. The undersigned imposed a compliance deadline of August 27, 2024. *Id.*

Additionally, on August 20, 2024, the undersigned ordered Plaintiff to provide this court with additional information—if any—that would assist the Marshals Service in serving Alvarez and Blocker. *Id.* The undersigned imposed a compliance deadline of September 4, 2024 and warned Plaintiff that if Alvarez and Blocker could not be located, Plaintiff's claims against Alvarez and Blocker likely would be dismissed without prejudice pursuant to Rule 4(m). *Id.*

On August 30, 2024, the Marshals Service responded that it had "exhausted all efforts to reasonably serve defendant(s) Alvarez and Blocker in the subject case." Doc. 55. The Marshals Service explained it had contacted the FDC general counsel and Alvarez and Blocker's previous employers, but as of August 28, 2024, the Marshals Service had not obtained additional information as to Blocker's or Alvarez's addresses. *Id.*

On September 10, 2024, Plaintiff responded to the undersigned's order but did not provide any additional information for service. Doc. 56.

On September 23, 2024, the undersigned ordered Plaintiff to show cause why the case should not be dismissed for failure to serve Alvarez and Blocker. Doc. 57. The undersigned imposed a compliance deadline of October 7, 2024, and warned Plaintiff that failure to respond likely would result in dismissal of those claims. Doc. 57 at 2.

As of the date of this report and recommendation, Plaintiff has not filed a response to that order. Furthermore, Plaintiff has not provided this court with a sufficient description of the "Unknown Pharmacist" to permit service of that Defendant.

## II. DISCUSSION

### A.  Fictitious-Party Pleading

As a general matter, fictitious-party pleading is not permitted in federal court unless "the plaintiff's description of an unnamed defendant is [very] specific." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). Here, Ellard's fourth amended complaint identified one Defendant as "Unknown Pharmacist from Diamond Pharmacy Services." Doc. 23 at 2. In response to the undersigned ordering Ellard to identify the Unknown Pharmacist with more detail so that he or she could be served, Ellard provided no relevant information. *See* Doc. 33.

Ellard also failed to show that discovery would uncover this Defendant's identity. In the year since then, Plaintiff has not made any attempt to substitute the proper party for service, nor has he attempted to identify the Unknown Pharmacist by any unique description that would satisfy the narrow exception to the general prohibition against fictitious-party pleading in federal court.

Because Plaintiff has not provided information that could reasonably identify the "Unknown Pharmacist," and it is highly unlikely that this unidentified person ever will be served with process, the District Court should dismiss without prejudice Ellard's claim against the Unknown Pharmacist. *See Richardson*, 598 F.3d at 738; *see also, e.g., Castle v. Cobb Cnty., Georgia*, No. 22-12156, 2023 WL 3772501, at *1–2 (11th Cir. June 2, 2023); *Williams v. DeKalb Cnty. Jail*, 638 F. App'x 976, 976–77 (11th Cir. 2016).

B. <u>Service of Dr. Alvarez and Nurse Blocker</u>

"Service of process is a jurisdictional requirement," and "a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Inves.*, 553 F.3d 1351, 1360 (11th Cir. 2008) (citation omitted). "The

plaintiff . . . is responsible for having the summons and complaint served on the defendant" in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014); *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1280–81 (11th Cir. 2007). Thus, a plaintiff must ensure that service is completed within the time set forth by Rule 4(m) of the Federal Rules of Civil Procedure. *Lepone-Dempsey*, 476 F.3d at 1280–81.

Rule 4(m) states that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m).

### 1. *The Good Cause Standard for Non-Service*

If a plaintiff shows good cause for his failure to timely serve a defendant, a federal court must extend the plaintiff's deadline to effect service of process. Fed. R. Civ. P. 4(m). Good cause to extend the deadline for service exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence prevented service." *Lepone-Dempsey*, 476 F.3d at 1281 (citing *Prisco v. Frank*, 929 F.2d 603,

604 (11th Cir. 1991) (per curiam), *superseded in part by rule as stated in Horenkamp v. Vanwinkle & Co., Inc.*, 402 F.3d 1129, 1132 n.2 (11th Cir. 2005)). "The failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." *Richardson*, 598 F.3d at 739–40 (quoting *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009)); *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990). But "a plaintiff should request service upon the appropriate defendant[s] and attempt to remedy any apparent service defects of which a plaintiff has knowledge.'" *Fowler*, 899 F.2d at 1095 (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).

Here, Plaintiff provided the Marshals Service with the last known work address for Alvarez and Blocker. Based on that information, the Marshals Service undertook reasonable efforts—given the information provided—to find and serve Blocker and Alvarez, to no avail. These efforts included:

- mailing the waiver of service packet to Blocker and Alvarez's last known place of employment. Docs. 42 & 47; and

- attempting to personally serve Blocker at Graceville Correctional. Docs. 48 & 50.

Once the Marshals Service determined that Blocker and Alvarez no longer worked at Graceville Correctional, the Marshals Service used reasonable efforts to obtain alternative addresses for service. These efforts included:

- contacting Graceville Correctional on February 23, 2024; March 4, 2024; and May 5, 2024 for more information relating to Blocker. Doc. 50;

- attempting to contact the corporate human resources office, which was unsuccessful. Doc. 50; and

- contacting the general counsel of the FDC and Defendants' former employer to obtain the last known home addresses of Defendants. Docs. 50 & 55.

In addition to the efforts of the Marshals Service, the undersigned requested that Centurion of Florida—Alvarez and Blocker's previous employer—provide to the Marshals Service Alvarez and Blocker's respective home addresses. Doc. 51. The undersigned also permitted Plaintiff two opportunities to provide additional information that might assist the Marshals Service in locating Alvarez and Blocker. Doc. 54 & 57. Plaintiff offered no additional information.

The Marshals Service has taken reasonable steps to locate and serve Alvarez and Blocker. Despite those reasonable efforts, the Marshals Service has not been able to locate or serve Alvarez and Blocker. There is no indication that providing more time to Plaintiff to effectuate service would result in Alvarez or Blocker being located and served.

Because the Marshals Service has taken reasonable efforts to locate and serve Blocker and Alvarez and Plaintiff has not responded to the undersigned's order to show cause why these claims should not be dismissed for failure to effect service, Plaintiff has not established "good cause" for an extension of the service deadline.

### 2.   *A Permissive Extension Is Not Warranted*

"Even in the absence of good cause, a district court has the discretion to extend the time for service of process." *Lepone-Dempsey*, 476 F.3d at 1281. In determining whether a permissive extension is warranted, courts look at the factors set forth in the advisory committee notes to Rule 4 of the Federal Rules of Civil Procedure. *Horenkamp,* 402 F.3d at 1132–33. For example, "relief may be justified . . . if the applicable statute of limitations would bar the refil[ing of an] action, or

if the defendant is evading service or conceals a defect in attempted service." *Id.* at 1132 (quoting Fed. R. Civ. P. 4(m) advisory committee note to 1993 amendments).

Here, a permissive extension of the deadline to serve Alvarez and Blocker. First, there is no evidence that Alvarez and Blocker attempted to evade service or conceal themselves from the Marshals Service. Second, in Florida, the statute of limitations for claims brought pursuant to § 1983 is four years. Plaintiff alleged that Blocker and Alvarez violated his rights on January 28, 2021. Although the statute of limitations is close to expiring, it "does not require that the district court extend time for service of process under Rule 4(m)." *Lepone-Dempsey*, 476 F.3d at 1282. This is especially true when a plaintiff is not actively prosecuting his case.

Third, Plaintiff commenced this civil action nearly two years ago. It has been more than one year since this court initially ordered service, and Plaintiff has not respond to the undersigned's order of September 23, 2024. Plaintiff's failure to respond to the order suggests that he has abandoned this litigation. "The glacial pace of much litigation breeds frustration with the federal courts and, ultimately, disrespect for the

law." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 757 n.4 (1980). Delay causes "stale evidence and the fading of material facts in the minds of potential witnesses." *Ryland v. Shapiro*, 708 F.2d 967, 975 (5th Cir. 1983). "[P]ossibilities for error multiply rapidly as time elapses between the original fact and its judicial determination." *Rheuark v. Shaw*, 628 F.2d 297, 303–04 n.10 (5th Cir. 1980). Accordingly, federal courts have a duty to ensure that cases are progressing toward a resolution. Plaintiff's failure to respond to court orders prevents this case from being resolved timely on the merits. The District Court's need to keep cases moving toward a resolution outweighs any interest that Plaintiff may have in this case remaining pending and inactive indefinitely.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice against the Unknown Pharmacist.

2. **DISMISS** this action without prejudice pursuant to Fed. R. Civ. P. 4(m) against Alvarez and Blocker.

3. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>19th</u> day of November, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation.** <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> **An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**